# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
        Plaintiff, )
)
v. )    Cr. ID No. 1708012089
)
ASA WILLIAMS, )
)
        Defendant. )

Submitted: August 30, 2019
Decided: September 19, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Jenna R. Milecki, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Asa Williams, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se.*

PARKER, Commissioner

This 19th day of September 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1.     On November 27, 2017, a New Castle County grand jury indicted Asa Williams on two counts of Rape in the First Degree, and one count each of Unlawful Imprisonment in the Second Degree, Terroristic Threatening, Malicious Interference with Emergency Communications and Resisting Arrest. Williams faced a minimum-mandatory sentence of 15 years of incarceration and a maximum sentence of life in prison for each of the rape counts.

2.     On May 16, 2018, Williams entered into a *Robinson* plea thereby pleading guilty to one count of Rape in the Third Degree (as a lesser-included offense), one count of Resisting Arrest, and one count of Unlawful Imprisonment in the Second Degree.   As part of the plea agreement, the parties agreed to jointly recommend a 25-year prison sentence, suspended after three years (of which the first two years was a minimum-mandatory sentence), followed by decreasing levels of probation. In addition, as part of the plea, the State agreed to dismiss all the remaining charges of the indictment.[1]

---

[1] Superior Court Docket No. 13- Plea Agreement dated May 16, 2018.

1

3.     The Plea Agreement expressly provided that Williams would be required to register as a Tier III Sex Offender.[2]

4.     Williams was immediately sentenced to a 25-year prison sentence, suspended after three years, for decreasing levels of probation. At the time of sentencing, the Superior Court expressly stated that Williams was required to register as a Tier III sex offender.[3] The Sentencing Order likewise expressly included this requirement.[4]

5.     Williams did not file a direct appeal from his convictions or sentence to the Delaware Supreme Court.

6.     On June 27, 2018, Williams filed a motion for sentence reduction or modification. The Superior Court denied the motion on October 16, 2018.[5] The Superior Court reasoned that following a thorough review of the merits of Williams' request, the original sentence was appropriate for the reasons stated at the time it was rendered.[6]

## WILLIAMS' RULE 61 MOTION

7.     On January 25, 2019, Williams filed the subject Rule 61 motion. In the subject motion, Williams raised claims attacking the factual basis for the charges and his plea. Williams also raised an ineffective assistance of counsel claim

---

[2] Superior Court Docket No. 13- Plea Agreement dated May 16, 2018.
[3] May 16, 2018 Plea Transcript, at ps. 24-25.
[4] Superior Court Docket Nos. 14 & 29.
[5] *State v. Williams*, 2018 WL 5013525 (Del.Super.).
[6] *Id.*

2

contending that his counsel coaxed and/or coerced him into entering into his plea and that he was not informed that he would have to register as a Tier III sex offender.

8. The record was enlarged and Williams' trial counsel was directed to submit an Affidavit responding to Williams' ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion. Williams was given the opportunity to file a reply thereto.[7]

9. After briefing was completed, this motion was referred to the undersigned Commissioner to assist in the resolution of the motion.

## Williams' Claims Challenging the Factual Basis for the Charges

10. Williams' claims challenging the factual basis for the charges and his plea were waived upon the entry of his plea. These claims are also procedurally barred and are also without merit.

11. It is well settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors, deficiencies or defects occurring before the entry of the plea.[8]

---

[7] Super.Ct.Crim.R. 61(g).
[8] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Modjica v. State*, 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004), *Mills v. State*, 2016 WL 97494, at *3 (Del.).

3

12. In the subject action, the Truth-in-Sentencing Guilty Plea Form, Plea Agreement and plea colloquy reveal that Williams knowingly, voluntarily and intelligently entered a *Robinson* plea. A *Robinson* plea operates as a guilty plea.[9]

13. Prior to the entry of Williams' plea, the State set forth the factual basis for the charges and the plea. Specifically, the State advised that on the date and time stated in the indictment, Williams had invited an associate, someone he had met before, the victim in this case, over to have consensual sexual intercourse, which they had had on a previous occasion.[10]

14. At some point during the consensual intercourse, the victim indicated to Williams that she no longer wanted to engage in that conduct, at which time Williams became upset. He struck her with a belt, bite her on the arm, causing injury, and placed his hands around her neck, and then forced her to continue to engage in sexual contact, including sexual penetration, without her consent and against her will.[11]

15. During that altercation, the victim made several attempts to leave the apartment, but Williams prevented her from doing so.[12] Finally, when the police

---

[9] *Rogers v. State,* 2018 WL 5881536, *3 (Del.); *Duffy v. State,* 2012 WL 4019037, *1 (Del. 2012)(*Robinson* plea permits the acceptance of a guilty plea in the absence of an admission of guilt); May 16, 2018 Plea Transcript, at *11 (Williams represented at the plea colloquy that his *Robinson* plea operates as a guilty plea).
[10] May 16, 2018 Plea Transcript, at * 8-9.
[11] May 16, 2018 Plea Transcript, at * 8-9.
[12] May 16, 2018 Plea Transcript, at * 8-9.

4

were contacted by the victim, they did arrive, and in the process of attempting to arrest Williams, he resisted arrest.[13]

16. At the time of the plea, the State represented that Williams was being permitted to enter into a *Robinson* plea, in which he would be deemed guilty but would not have to admit his guilt,[14] because when the police arrived Williams was so intoxicated it took several minutes and ambulance crews to revive him. The parties agreed, and it was undisputed, that Williams was highly intoxicated.[15]

17. After the State's recitation of the factual basis for the charge and the plea, Williams represented to the court that he had reviewed the evidence that supported the basis for the allegations against him for the charges to which he was entering into his no-contest plea and that he was satisfied that there was a sufficient factual and evidentiary basis for a finding of guilt to each of those charges.[16]

18. A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[17] Williams has not presented any clear, contrary evidence to call into question his prior

---

[13] May 16, 2018 Plea Transcript, at * 9.
[14] See, *Duffy v. State*, 2012 WL 4019037, *1 (Del.)(*Robinson* plea permits the acceptance of a guilty plea in the absence of an admission of guilt).
[15] May 16, 2018 Plea Transcript, at * 9-10.
[16] May 16, 2018 Plea Transcript, at * 10-11.
[17] *Evans v. State*, 2016 WL 6196456 (Del.); *State v. Harden*, 1998 WL 735879, *5 (Del.Super.); *State v. Stuart*, 2008 WL 4868658, *3 (Del.Super. 2008).

testimony at the plea colloquy, Plea Agreement or answers on the Truth-in-Sentencing Guilty Plea Form.

19. Williams' present claims that there was no factual basis for the charges and his plea is directly at odds with his representations at the plea colloquy. These claims were waived at the time of the entry of his plea.

20. Williams understood that by entering into his plea he was waiving his right to contest the sufficiency of the evidence against him.[18]

21. As confirmed by the plea colloquy, Plea Agreement and Truth-in-Sentencing Guilty Plea Form, Williams entered his plea knowingly, intelligently and voluntarily.[19] Since Williams' plea was entered into voluntarily, intelligently and knowingly, Williams waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[20] Williams' valid guilty plea waived his right to challenge the factual basis for the charges and the plea. Williams' claims challenging the sufficiency of the evidence against him were waived when he knowingly, freely and intelligently entered his plea.[21]

---

[18] May 16, 2018 Plea Transcript, at *6-7; Truth-in-Sentencing Guilty Plea Form dated May 16, 2018.

[19] May 16, 2018 Plea Transcript, at *14.

[20] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).

[21] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.); *Day v. State,* 2011 WL 3617797 (Del.); *Hickman v. State,* 1994 WL 590495 (Del.).

22. Moreover, Williams personally admitted at the time of the plea that there was a sufficient factual basis for the charges and his plea. Accordingly, Williams' present claims to the contrary are without merit.

23. Finally, Williams' claims regarding the sufficiency of the factual basis for the charges and plea is also procedurally barred pursuant to Superior Court Criminal Rule 61(i)(3). Williams was required to raise these claims on direct appeal.

24. Williams had time and opportunity to raise any issue he desired to on direct appeal. Having been provided with a full and fair opportunity to present any issue desired to be raised on direct appeal, any attempt at this late juncture to raise a claim is procedurally barred.[22]

25. Williams' claims regarding the sufficiency of the factual basis for the charges and the plea were waived upon the entry of Williams' plea. The claims are also procedurally barred and without merit.

### Williams' Ineffective Assistance of Counsel Claim Also Fails

26. Williams' remaining claim is that his trial counsel was ineffective because Williams was not informed about the requirement to register as a Tier III sex offender and because his counsel coaxed or coerced him into entering into the plea.

---

[22] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).

27. In order to prevail on an ineffective assistance of counsel claim in the context of a plea challenge, Williams must demonstrate that (1) his defense counsel's conduct fell below an "objective standard of reasonableness," and (2) the deficient performance prejudiced the defense.[23] The first prong requires Williams to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[24]

28. In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[25] The burden of proving ineffective assistance of counsel is on the defendant.[26] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[27]

---

[23] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[24] *Id.* at 687-88, 694.
[25] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hickman v. State*, 1994 WL 590495 (Del.) (applying *Strickland* to guilty pleas).
[26] *Oliver v. State*, 2001 WL 1751246 (Del.).
[27] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

29. Turning to the subject action, as to Williams' claim that he was not informed about the requirement to register as a Tier III sex offender, this claim is simply not true. The record reflects that Williams' obligation to register as a Tier III sex offender was expressly stated in the Plea Agreement.[28] Williams represented to the court at the time of the plea that he had fully read and understood the contents of that Plea Agreement.[29] In addition, the State expressly stated it on the record prior to the entry of Williams' plea.[30] The Superior Court also expressly stated it on the record at the time of the plea.[31] Finally, the Sentencing Order expressly provided that Williams was required to register as a Tier III Sex Offender.

30. Williams' claim that he was not informed that he would be required to register as a Tier III Sex Offender is simply not true.

31. As to Williams' claim that he was coaxed or coerced to enter into the plea, there is nothing in Williams' Rule 61 motion which provides any basis to establish that counsel was ineffective or that establishes coercion by counsel. Counsel had a duty to zealously represent Williams and that means telling him not only potentially good news, but also the downside of an adverse jury verdict.

---

[28] Plea Agreement dated May 16, 2018.
[29] May 16, 2018 Plea Transcript, at pg. 3.
[30] May 16, 2018 Plea Transcript, at pg. 4 ("Your Honor, as part of the plea, he'll also be required to register as a Tier III sex offender. . .").
[31] May 16, 2018 Plea Transcript, at pgs. 24-25.

32. Williams' acceptance of the plea represents a rational decision by Williams to avoid a trial where the downside could have resulted in a significantly greater prison sentence up to a life sentence, if convicted. Indeed, counsel advised Williams that in light of the facts and circumstances of this case, it was unlikely Williams would prevail at trial and that the plea was his best option.[32] Counsel was not ineffective in any respect in advising Williams that it was unlikely he would succeed at trial and in urging Williams to choose the most prudent course of action.

33. Williams represented that he had fully discussed with counsel the evidence in the case, any defenses which may exist, that counsel answered any questions that Williams had, and that Williams fully understood the nature of his plea.[33] Williams represented that he was satisfied with his counsel's representation, that his counsel fully advised him of his rights, and that he understood the consequences of entering into his plea.[34] Williams represented that he believed his counsel did all he could reasonably do with relation to the charges that he was facing in the indictment.[35]

34. Williams represented that there was no one who was forcing him or threatening him to enter into his plea.[36] Williams represented that he was freely and

---

[32] See, Superior Court Docket No. 22- Affidavit of Counsel in response to Rule 61 motion, at pgs. 2-3.
[33] May 16, 2018 Plea Transcript, at * 13.
[34] May 16, 2018 Plea Transcript, at *13-14; Truth-in-Sentencing Guilty Plea Form dated May 16, 2018.
[35] May 16, 2018 Plea Transcript, at * 14.
[36] May 16, 2018 Plea Transcript, at * 14.

voluntarily entering into his plea. Williams represented that he was not being threatened or forced to do so by his attorney, by the State, or by anyone else.[37]

35.    Williams plea represented a rational choice given the pending charges, the evidence against him, and the possible sentences he was facing. Williams entered into his plea knowingly, intelligently and voluntarily.[38] Counsel was not deficient in any respect nor was Williams prejudiced in any way by counsel's representation of him. Williams' ineffective assistance of counsel claims are without merit.


For all of the foregoing reasons, Williams' Motion for Postconviction Relief should be DENIED.


**IT IS SO RECOMMENDED.**

Commissioner Lynne M. Parker

cc:    Prothonotary
       Elliot M. Margules, Esquire

---

[37] May 16, 2018 Plea Transcript, at *13-14; Truth-in-Sentencing Guilty Plea Form dated May 16, 2018.
[38] May 16, 2018 Plea Transcript, at pg. 14.

11